Marcus Daniel Merchasin, SBN 55927
Attorney and Counselor at Law
582 Market Street, Suite 1400
San Francisco, California 94104

Telephone Number: 1-415-678-2700

Attorney for Plaintiff Doris J. Gilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS J. GILTON<br><br>*Plaintiff*<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>*Defendants.* | CASE NUMBER: C 08 02612 SC<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE BACK TO THE CALIFORNIA SUPERIOR COURT<br>*F.R.C.P. 7-2b, F.R.E. 1⁰¹1606, 28 U.S.C. § 1332, 28 U.S.C. § 1441(B), NORTHERN DISTRICT OF CALIFORNIA RULE 7-1*<br>DATE: JULY 25, 2008<br>TIME: 10:00 A.M.<br>JUDGE: HON. SAMUEL CONTI |

*Introduction*

On April 10, 2008, Plaintiff filed her case in the California Superior Court. The *Summons* and *Complaint* were served on Defendant Allstate on April 24, 2008. On May 21, 2008, Defendant Allstate filed its *Answer* in the California Superior Court seeking affirmative relief including attorney fees.[1] Thereafter, on May 22, 2008, Defendant filed a *Notice of Removal* with accompanying paperwork in the Superior Court.[2] The basis for Defendant Allstate removing the action from state

---

[1] In answering in State Court before removing, Defendant sought to take advantage of a lesser pleading standard found in State Court while seeking to preserve the advantages of Federal Court litigation. The defense, however, went one step too far and asked for *affirmative* relief in its *Answer*, thereby defeating diversity jurisdiction.

[2] The paperwork supporting the application for removal consists of a Notice of Removal; Exhibit A: State Complaint and State Answer; Exhibit B: Request for Judicial Notice; Exhibit 1: Allstate Insurance Company's Company Profile; Exhibit 2: Best's Insurance Reports; Exhibit 3: *Griffin v. Allstate Ins. Co.* and *Farrugia v. Allstate Ins. Co.*; Exhibit C: Declaration of Richard Reney; Exhibit 1:

court to federal court was diversity of citizenship with a controversy exceeding $75,000. Plaintiff disputes the propriety of diversity and seeks by this motion to require the case to be remanded back to the California Superior Court.

# I

## WAIVER OF REMOVAL BY SEEKING AFFIRMATIVE RELIEF IN STATE COURT

In filing its *Answer* in State Court, Defendant Allstate waived diversity jurisdiction by first asking for affirmative relief from the California Superior Court. Whether or not *"costs"* constitute affirmative relief, the request for attorney fees under the contract action most certainly does. *Groesbeck Investments, Inc. v. Smith* (ED MI 2002) 224 F. Supp. 2nd 1144. The answer seeks affirmative relief of *"costs and attorney's fees"* as well as *"for such other and further relief as this court deems just and proper."* Defendant Allstate selected the relief sought and chose its words. In asking for affirmative relief in the form of monetary awards, Defendant Allstate sought relief before removing the matter *"by taking some substantial offensive or defensive act in the State Court action indicating a willingness to litigate in that tribunal before filing a Notice of Removal with the Federal Court"* *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP* (11th Cir. 2004) 365 F. 3rd 1244, 1246.

### *Analysis*

Defendant Allstate, in seeking a removal, bears a very heavy burden of establishing both of the grounds needed for federal jurisdiction as well as compliance with the procedural requirements.[3] *Parker v. Brown* (SD OH 1983) 570 F. Supp. 640, 642, *Gaus v. Miles, Inc.* (9th Cir 1992) 980 F. 2nd 564, 566. Schwarzer, Tashima & Wagstaffe, Calif. Prac. Guide, *Fed. Civ. Proc. Before* Trial (2008) § 2:609 state: *"... indeed, some courts find a 'strong presumption' against removal jurisdiction ..."* Defendant Allstate argues that it is an Illinois-based corporation without providing a declaration to

---

February 1, 2008 letter from Jessica Bivens to Allstate; and Exhibit 2: April 17, 2008 letter from Jessica Bivens to Allstate.

[3] *Schwarzer, Tashima & Wagstaffe*, supra § 2:1093-96, *Gaus v. Miles* (9th Cir. 1992) 980 F. 2nd 564; *Lewis v. Time, Inc.* (ED CA 1979) 83 F. R. D. 455, aff'd (9th 1993) 710 F. 2nd 549. Allstate has failed to show that the *"controversy"* exceeds $75,000 and it has not otherwise demonstrated the value of this case. Instead, it claims that it is an out-of-state corporation and then cites two cases for the proposition that naming an insurance agent does not defeat diversity. Of course it doesn't. The cases have nothing to do with the facts at hand and do not establish the evidence needed for diver-

that effect. Whether or not that by itself is sufficient, Defendant Allstate fails to meet the second prong required of it to establish its entitlement to relief. The amount in controversy justifying diversity jurisdiction was not set forth with the particularity required. Instead, Defendant Allstate sets forth a litany of conclusions with none of them possessing an ounce of evidentiary value. In doing so, Defendant Allstate forgets that a motion to remand is a favored motion in federal court. *Student A. v. Metcho* (N.C. C.A. 1989) 710 F. Supp. 267, 269, *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. C.A. 2002) 199 F. Supp. 2nd 993).

The Court may consider appropriate admissible evidence concerning the amount in controversy that may include the complaint, removal notice, and the entire record but not the correspondence between third parties whose authority is not shown and authentication is omitted.[4] (see *Miller v. Grgurich* (9th Cir. 1985) 763 F. 2nd 372, *National Audubon Society v. D. W. P* (ED CA 1980) 496 F. Supp. 499, *Lewis v. Time, Inc.* (E.D. CA 1979) 83 F.R.D. 455, 460 aff'd (9th Cir. 1983) 710 F. 2nd 549, *Schwarzer, Tashima & Wagstaffe*, supra § 2:1096). Defendant Allstate has the burden at the time of removal to demonstrate with competent, admissible evidence that it is entitled to the relief it seeks.[5] Defendant Allstate did not do this.

II

BURDEN OF PROOF IN REMAND

The party seeking removal has the burden of showing that all procedural requirements for removal have been complied with. *Packer v. Brown* (SD OH 1983) 570 F. Supp. 640, 642-643. The removing paperwork does not do this. Only one declaration was offered and it fails in its purpose.[6]

---

sity. A competent declaration would be needed for that. Irrespective of residence, which was not litigated in the cases cited, the amount in controversy is not appropriately addressed.
[4] The only evidence offered is a non-qualified boilerplate Declaration with the blanks filled in with pen. This does not qualify. Personal knowledge is not shown nor is an exception to the hearsay rule even alluded to. See *F.R.E. 801-807*. Allstate offers no declarations to support the contents of any of the documents presented by it – the "*profile*," "*Best's Ins. Reports*," or the two cases cited. While the court can note the existence of the documents, it cannot take *Judicial Notice* of the truth of their contents. *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F. 3rd 668, 688-690
[5] *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F. 2nd 564, 566, *Schwarzer, Tashima, & Wagstaffe*, supra, § 2:1092 supra §2:1093.
[6] The Declaration relies on hearsay, multiple hearsay and the attachments were not authenticated or shown to be authorized. *F.R.E. 1300-1305*. The Declarant was not shown to be an expert witness (*F.R.E. 702-705*) and did not qualify as a lay expert witness either. *F.R.E. 701*. In expressing his

Mr. Reney does not authenticate the February 1, 2008 letter to Ms. Nunziati nor could he. The *"explanation to the Gilton gentlemen"* contained in that letter had nothing to do with this case nor is it offered against the Plaintiff specific to this case. The *"Gilton gentlemen"* are not listed as Plaintiffs in this matter and how they fit in, if at all, is not addressed. The letter is meaningless to assess diversity standing by itself as presented.

Mr. Reney's Declaration does not state what the true amount in controversy is. To discuss the matter, he refers to the entire controversy by referencing Ms. Bivens' letter of April 17, 2008 which lists it on page two as $51,271.00. This falls far short of the $75,000 required to invoke federal jurisdiction. The original letter appears to reference the *"Gilton Gentlemen's"* claim, whatever that is.

Defendant Allstate's *Answer* does not indicate an amount due and argues that everything was paid. According to it, $75,000 is not in dispute and when reviewing the conflicting claims, it is no wonder that the federal courts in the Northern District have gone to the *"paper-in-the-case"* rule. It settles a lot of disputes with dispatch and with definitive reference to the parties' real position. Here, Plaintiff has not requested relief equaling or exceeding $75,000. For that matter, Defendant Allstate has not addressed that issue in its pleading either and therefore should be expected to lose this motion.

Where the remand motion challenges the amount in controversy, the standard of proof requires that when the State Court complaint claims less than $75,000, the removing party must prove *to a legal certainty* that Plaintiff's claim is at least $75,000. *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F. 3rd 696, 699. The *legal certainty* standard is both definitive as to this case and fatal to Defendant Allstate's argument. There is no *"paper-in-the-case"* proof to be found here which sup-

---

boilerplate opinions, Mr. Reney did not state that he was involved in the case nor did he claim any personal knowledge. Mr. Reney did not provide non-hearsay testimony authenticated by anyone that Ms. Bivens' letter represented Plaintiffs' actual position or was authorized. He does not state how he received the letter, whether it is a true and accurate copy or why he received it. He does not even detail his dealings with Ms. Bivens or go into her qualifications. As to its contents, he offers no context to it and argues that even though it is not part of this lawsuit, it nonetheless must represent Plaintiffs' real position without even once stating why. His exhibits are of no evidentiary value and cannot be used to bolster his employer's motion or their opinion on the matter which he seeks to support.

ports Defendant Allstate and without which Defendant Allstate cannot establish damages which exceed the minimum jurisdictional amount of this court.

Defendant Allstate has not even referenced factually similar cases to demonstrate what this case is even perceived by them to be worth. The would-be letters offered by Mr. Reney are not authenticated, not shown to be authorized and do not constitute an admission. Taken out of context, they prove nothing. In any event, from reading the words contained therein, they do not establish jurisdiction. The rationale cited by the courts and *Schwarzer, Tashima, & Wagstaffe* is that Plaintiff is the "*master of his complaint*" and can be expected to lay it out. Weil & Brown, Calif. Practice Guide, *Civ. Proc. Before Trial* (2008)§ § 2:1095.6 & 2:1114. The State Court Complaint seeks damages in the sum of $25,000.00 or more. It says nothing about $75,000.00 and the only higher amount referenced in the *Complaint* was contingent upon Defendant Allstate's default and even then only for purposes of notice needed for prove up. As is apparent by the writing of this motion, Defendant Allstate did not default and the contingency is nothing more than a meaningless superfluousness now that Defendant Allstate answered.

### III

### FEDERAL JURISDICTION MUST BE REJECTED

In removal cases it has often been stated that federal jurisdiction "*must be rejected if there is any doubt as to the right of removal in the first instance.*" See *Duncan v. Stuetzle* (9th Cir. 1996) 76 F. 3rd 1480, 1485. The repetition of this concept throughout the cases makes a rather clear point.[7] Remand may be ordered <u>sua sponte</u> without permitting counsel to brief or argue the case. *Air Shields, Inc. v. Fullam* (3rd Cir. 1989) 891 F. 2nd 63, 65, *Schwarzer, Tashima, & Wagstaffe*, supra, § 2:1092, *28 U.S.C. § 1332 (c)(1)*. The presumption against it is rather severe.

---

[7] *Schwartz, Tashima & Wagstaffe*, supra, provide at § 2:606: "*The removal statutes are construed restrictively, so as to limit removal jurisdiction.* **Doubts as to removeability are resolved in favor of remanding the case to the state court** *{Shamrock Oil & Gas Corp. v. Sheets (1941) 313 U.S. 100, 108-109; Gaus v. Miles (9th Cir. 1992) 90 F. 2nd 564, 566}.*" At 2:607 they go on to state: "*The reason for strict construction is to prevent a waste of judicial resources: i.e. if it turns out there is no 'federal question' or 'diversity', the federal court's judgment would have to be set aside on appeal. Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction (Wenger v. Western Reserve Life Assur. Co. of Ohio (MD TN 1983) 570 F. Supp. 8, 10-11; Somlyo v. J. Lu-Rob Enterprises, Inc. (2nd Cir. 1991) 932 F. 2nd 1043, 1045-1046...*"

In ruling on a remand motion, the court ordinarily will determine removability from the complaint as it existed at the time of removal, together with the removal notice.[8] *Miller v. Grgurich* (9th Cir. 1985) 763 F. 2nd 372, 373; *National Audubon Society v. Dept. of Water & Power of Los Angeles* (ED CA 1980) 496 F. Supp. 499, 503. The removal material shows very little that would warrant removal. The State Court file shows even less. It has the *Summons* and *Complaint* with nothing more prior to Defendant Allstate's *Answer* requesting affirmative relief and a *Motion to Remove*.

If the notice of removal is devoid of facts necessary to support removal, some courts will remand the action despite presentation of facts in opposition to the remand motion. *Laughlin v. Kmart Corp.* (10th Cir. 1995) 50 F. 3rd 871, 873; see also *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F. 2nd 564, 567; *Schwarzer, Tashima, & Wagstaffe, supra*, § 2:1096. Accordingly, Plaintiff seeks a summary remand. It is warranted here. The federal court system already has enough cases to burden itself with without adding more. Defendant Allstate at all times has insisted that the claim is worth nothing. Its position does not help it here. Its position takes it $75,000 lower than the statutory minimum of this court and controverts its argument here. Defendant Allstate did not have to *Answer* before removing.

Here there is good reason to reject the claim for removal.[9] Defendant Allstate has not argued that its payments are to be counted into the dispute or that the contract between it and Plaintiff calls for an open dispute totaling $75,000 or more. Defendant Allstate has not satisfied the second prong of its burden if it were to prove proper jurisdiction.

Here the Petition offers no explanation of why this case is ripe for removal other than to claim without reference to any *"paper in the case"* that diversity is proper. Without any *"paper-in-the-*

---

[8] There is nothing in the State Court record other than a requirement for $25,000 or more.

[9] *Schwartz, Tashima & Wagstaffe*, supra, provide at § 2:662: *"Effect of state court complaint for less than $75,000: Defendant has a particularly heavy burden where the state court complaint specifically seeks less than $75,000: 'To avoid a remand, defendant must prove to a **legal certainty** that … opposing counsel is falsely assessing the case or is incompetently doing so.'[Burns v. Windsor Ins. Co. (11th Cir. 1994) 31 F3d 1092, 1095 (emphasis added)]"* At 2:662.1 they state: *"Possibility of amendment insufficient: Removal cannot be based on the mere fact plaintiff 'might' ask for (or recover) more than the federal minimum in the state court action: 'The possibility that plaintiff may in the future seek or recover more damages is insufficient to support removal jurisdiction now.' [Burns v. Windsor Ins. Co., supra, 31 F. 3rd at 1097]"*

*case,*" Defendant Allstate's speculation as to damages is meaningless will not provide a legal basis with "*certainty*" to support removal.

## IV

## "PAPER-IN-THE-CASE" RULE

Generally, the basis for removal must be evident from the initial pleadings. *28 U.S.C. § 1446(b)*. In determining whether a defendant has carried its burden, courts in the Northern District have adopted the "*paper-in-the-case*" rule. See *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1973), *Kirkland v. Morton's of Chicago*, 1996 WL 532118 (N.D. Cal. 1996). This rule requires that, pursuant to section *1446(b)*, courts look only upon the pleadings, motions, orders and other papers in a case to determine if removal is proper.[10] There are no papers and no admissible evidence save for the *Complaint* which seeks relief within the Superior Court jurisdiction of $25,000 or more.

## V

## FUNDAMENTAL PLEADING ISSUES RESOLVED AGAINST DEFENDANT

Federal courts look to state law to determine how underlying claims in the complaint affect the amount in controversy. See *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The amount in controversy includes claims for "*general*" and "*special*" damages. See *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (SD Cal. 1995); *28 U.S.C. §1332 (b)* Accordingly, the court must consider California law in determining whether these items, taken with plaintiffs' $25,000 request, satisfy the amount in controversy requirement. They unhesitatingly fall far short of Defendant Allstate's needs.

---

[10] Although the Ninth Circuit has provided no guidance on this issue, district courts in this Circuit have found that letters between attorneys do not constitute "*other papers*" under section *1446(b)*. {See *Lillard v. Joint Medical Products*, 1995 WL 20609, (N.D. Cal. 1994) (letter between counsel is not an "*other paper*"; *Interior Glass Services, Inc. v. F.D.I.C.*, 691 F. Supp. 1255, 1257 (D. Alaska 1988) (lawyer's letter is not an "*other paper*")} In interpreting statues, general words should be construed to embrace only objects similar in nature to those objects specifically enumerated in the statute; therefore the phrase "*other paper*" in section *1446(b)* means a "*paper*" similar to an amended pleading, motion or order. *Interior Glass Services*, 691 F. Supp. at 1257. Accordingly, the phrase "*other papers*" has been interpreted to refer to documents generated within the state court litigation. See *Lillard*, 1995 WL 20609 at (citing *Smith v. International Harvester Co.*, 621 F. Supp. 1005, 1009 (D. Nev. 1985)). The meaning of "*other papers*" turns on the official status of the paper as a part of the record before the state court. See *Riggs*, 678 F. Supp. at 238 (deposition constituted

In reading the pleadings, Defendant Allstate has another problem to over come. *Code Civ. Proc. § 425.10 "Contents of complaint or cross-complaint."* provides in pertinent part:

> *A complaint...shall contain both of the following:...*
> *(b) A demand for judgment for the relief to which the pleader claims he is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated, unless the action is brought in the superior court to recover...damages for personal injury or wrongful death, in which case the amount thereof shall not be stated.*

Defendant Allstate cannot use the complaint seeking less than jurisdictional sums to support jurisdiction without entering into a stipulation about the amount. Here there is no stipulation. According to *Becker v. S.P.V. Constr. Co.* (1980) 27 Cal. 3rd 489, the trial court exceeded its jurisdiction in rendering a judgment by default against defendants for $26,457.50 compensatory damages and attorney fees, where the complaint sought damages "*in excess of $20,000, ... or according to proof,*" punitive damages, and costs, and did not set forth a prayer for attorney fees. The plain meaning of the prohibition *Code Civ. Proc. § 580*, against relief exceeding that demanded in the complaint encompasses both the type and the amount of relief sought; a prayer for damages according to proof passes muster only if a specific amount of damages is alleged in the body of the complaint. Moreover, *Code Civ. Proc. § 425.10* requires that the amount of damages be pleaded, and *Code Civ. Proc. § 585* authorizes entry of judgment on default only for the principal amount demanded in the complaint, and in actions other than at contract, only for such sum (not exceeding the amount stated in the complaint), as appears just.

The controversy in this matter on its face does not exceed twenty-five thousand dollars and the Petition to Removal fails under *Title 28 of the United States Code.*

## VI

### PUNITIVE DAMAGES CLAIM

Second, calculation of the amount in controversy may also include punitive damages where they are recoverable as a matter of law. *Richmond*, 897 F. Supp. at 450. Where sufficient facts are established supporting an insurer's breach of the implied covenant of good faith and fair dealing, punitive damages may be awarded under California law. See, e.g., *Neal v. Farmers Ins. Exch.*, 21 Cal. 3rd

---

an "*other paper*" under the statute where court noted "*[t]he elements of removability must be spe-

910, 921 - 923 (1978) However, punitive damages are never awarded as a matter of right and are provided solely in the discretion of the trier of fact. *Brewer v. Second Baptist Church*, 32 Cal. 2nd 791, 801 (1948).

The papers in this action provide no reliable basis for the court to determine how a potential punitive damages award would sufficiently increase the amount in controversy to meet the jurisdictional requirement. See *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996).

## VII

### AMOUNT IN CONTROVERSY FAILS TO SUPPORT REMOVAL AND THE BURDEN IS ON THE DEFENDANT TO PROVE TO A LEGAL CERTAINTY THAT PLAINTIFF'S COUNSEL HAS "FALSELY ASSESSED THE CASE"

The Court in *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 Fed. 2nd 564, 567 held that where the amount of damages sought by plaintiff is unclear, defendant also must allege and *"bears the burden of actually proving the facts to support...the jurisdictional amount...."* The Court further when on to point out where the removal notice simply states *"matter in ... controversy ...exceeds ... $50,000.00"* without supporting facts, it is defective if the amount of damages in unclear from the pleadings. (See *Schwarzer, Tashima & Wagstaffe*, supra 2:661) The burden is on Defendant Allstate to prove facts supporting the jurisdictional amount. (See *Lupo v. Human Affairs, Int. Inc.* (2nd Cir. 1994) 28 Fed. 3rd 269, 273 - 274. Conclusory allegations are insufficient. (See *Schwarzer, Tashima & Wagstaffe*, supra § 2:931) *"To avoid a remand, defendant must prove to a legal certainty that... opposing counsel is falsely assessing the case or is incompetently doing so."* (See *Burns v. Windsor Ins. Co.* (11th Cir 1994) 31 Fed. 3rd 1092, 1095. *Schwarzer, Tashima & Wagstaffe*, supra 2:931.1a states: *"Removal cannot be based on the mere fact that plaintiff 'might' ask for (or recover) more than the federal minimum in the state court."* The Court in *Burns*, supra at 31 Fed. 3rd 1097 stated: *"The possibility that plaintiff may in the future seek or recover more damages is insufficient to support removal jurisdiction now."*

In *Atkins v. Harcros Chems., Inc.* (ED LA 1991) the Defendant was required to prove the basis for removal *"to a legal certainty."* The Courts have gone even further and ruled that the Plaintiff's

---

cifically indicated in official papers" under section *1446*).

post removal declaration that the amount in controversy is less that fifty thousand dollars ($50,000.00) has been held to show a lack of removal jurisdiction. *Asociacion Nacional de Perscadores v. Dow Quimica de Colombia* (5th Cir. 1993) 998 Fed. 2nd 559, 565.

At § 2:930.1, *Schwarzer, Tashima & Wagstaffe*, supra, discuss the standard of proof. At § 2:931, they, point out that *"conclusionary damages are insufficient"*. Yet this is all that is alleged by the defense in seeking to remove the case. Defendant Allstate's removal must therefore be denied.

*Ibid.* § 2:931.1 *"Defendant has a particularly heavy burden when the state court complaint specifically seeks less than $50,000.00: 'To avoid a remand, defendant must prove **to a legal certainty** that...opposing counsel is falsely assessing the case or is incompetently doing so.'"* (*Burns v. Windsor Ins. Co.* [11th Cir. 1994] 31 Fed. 3rd 1092, 1095).

## VIII

### THE COURT MAY REMAND A CASE TO STATE COURT IF PROPER DIVERSITY DOES NOT EXIST

A motion to remand can be made at any time before a final judgment is entered. *Fed. Rules Civ. Proc.* § § *12(h)(3), 713, 28 U.S.C. 1446 & 1448 et seq., Northern District of California Rule § 220, American Fire & Casualty Company v. Finn* (1951) 341 U.S. 6, *Othman v. Globe Indemnity Company* (9th Cir. 1985) 759 F. 2nd 1458, *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F. 2nd 1336, 1339, *Schwarzer, Tashima & Wagstaffe*, supra § § 2:1081, 2:1089.

**WHEREFORE**, Plaintiff prays for an order remanding the above-entitled case back to the Superior Court of the State of California.

Dated: 06/20/08

Marcus Daniel Merchasin
Attorney at Law