CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN L. DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N California Blvd., Suite 800
Walnut Creek, CA 94596
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email:   cmellema@sonnenschein.com
         jbutler@sonnenschein.com
         mdunham@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIS J. GILTON,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C 08 02612 SC<br><br>**ALLSTATE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:    July 25, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom 1, 17th Floor<br>Before:  Hon. Samuel Conti<br><br>**[Filed concurrently with the Declarations of Megan Dunham and Richard Reney In Support of Allstate's Opposition To Plaintiff's Remand Motion]** |

**1. INTRODUCTION**

The face of the complaint and the documents Allstate submitted in connection with its removal conclusively establish that plaintiff seeks well in excess of this Court's $75,000 jurisdictional minimum and that Allstate properly removed the case to this Court.

Unfazed by that showing, plaintiff nevertheless argues in the major premise to her remand motion that Allstate did not prove to a "legal certainty" that this case meets the jurisdictional minimum, and that the Court cannot consider the documents Allstate submitted

-1-
ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

with its removal because they do not comply with the "other paper" in the case rule. Plaintiff's "legal certainty" contention, however, rests on a flawed recitation of controlling legal standards and a less-than-candid approach to the allegations in her own complaint and the facts in the case, which leave no room to doubt plaintiff seeks in excess of $75,000. The "other paper" in the case rule simply does not apply here

The minor premise in plaintiff's opposition is that Allstate somehow waived federal court jurisdiction here by answering plaintiff's complaint in state court and including in the prayer to that answer a request for attorneys' fees. This argument is silly on its face and, not surprisingly, is untethered from any legal support. Stated succinctly, a request for attorneys' fees in the prayer to a state court answer cannot demonstrate a "willingness to litigate in that tribunal," a necessary pre-requisite to waive removal.

Because Allstate properly removed this case, and this Court has jurisdiction over it, the Court should deny plaintiff's remand motion.

**2. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

**A. The "Legal Certainty" Standard Does Not Apply**

In cases like this, the question before the Court is whether the amount in controversy is "more likely than not" at least $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Plaintiff incorrectly asserts that Allstate is required to "prove to a legal certainty that Plaintiff's claim is at least $75,000." (Plaintiff's Motion to Remand ("Mot."), 4:17-4:19.) Curiously, the case upon which plaintiff primarily relies for this proposition regarding the burden of proof, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007), is directly contrary to that proposition.

In *Guglielmino*, the Ninth Circuit explained the burden of proof applicable to different removal circumstances. Where the plaintiff "affirmatively alleges that the amount in controversy is less than the jurisdictional threshold," the party seeking removal must prove to a legal certainty that the jurisdictional amount is met. *Guglielmino*, 506 F.3d at 699 (citations omitted.) As the *Guglielmino* court explained, however, "where it is unclear or ambiguous from the fact of a state-court complaint whether the requisite amount in controversy is pled, we

-2-
ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

apply a preponderance of evidence standard." *Id.*, (citing *Sanchez*, 102 F.3d at 404). In *Guglielmino*, plaintiffs' complaint alleged that "[t]he damages to each Plaintiff are less than $75,000," but "[i]n its prayer for relief, however, the complaint sought, among other things, damages under statutory and common law, punitive and exemplary damages (as to the fraud count), an account of other moneys due to plaintiffs, attorneys' fees, . . ." *Id.* at 697. In its motion to remand, plaintiffs also filed affidavits stating "I am not seeking damages in excess of $75,000." *Id.* at 698. On these facts, the court determined that the complaint "was not a model of clarity" and "failed to allege a sufficiently specific total amount in controversy" and applied the preponderance of evidence standard to determine the amount in controversy. *Id.* at 701.

The facts in *Guglielmino* are remarkably similar to those presented here. Plaintiff nowhere *affirmatively* alleged that the amount in controversy is less than $75,000. Instead, as the "master of her complaint," plaintiff chose to allege damages *in excess* of $25,000, and, in addition, seek damages for emotional distress, attorneys' fees and punitive damages.[1] (Complaint, ¶¶ 23, 35, prayer for relief, ¶¶ 1, 2, 8.) Moreover, plaintiff's complaint requested a judgment "up to and including the sum of $1,000,000.00." (*Id.*, prayer for relief, ¶ 4.) As in *Guglielmino*, plaintiff, through her counsel, made the ambiguous statement in his declaration in support of the remand motion that "my good faith analysis at this time indicates that the value of this case is less than the $75,000 required for federal court diversity jurisdiction." (Mot., Declaration of M. Merchasin, ¶ 8.)[2]

Accordingly, since plaintiff's complaint is ambiguous as to the total amount in controversy, the Court must apply the preponderance of evidence standard, which means Allstate only had to produce "evidence establishing that it is 'more likely than not' that the

---

[1] The patent ambiguity in plaintiff's position also is evident in the remand motion. First, plaintiff argues her complaint simply "seeks damages in the sum of $25,000 or more." (Mot., 5:9-10.) At another point, however, she argues that "the controversy in this matter on its facts does not exceed twenty-five thousand dollars." (*Id.*, 8:19-20.)

[2] As discussed below, however, plaintiff's counsel has highlighted the ambiguity in his statement by not agreeing to stipulate that the amount in controversy is less than $75,000.

-3-
ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

amount in controversy exceeds" $75,000. *Sanchez*, 102 F.3d at 404; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (applying the preponderance of evidence standard when the complaint simply alleged "general damages . . in excess of $50,000" and did not attach a dollar figure to the remaining prayers for relief); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) (applying a preponderance of evidence standard when the complaint sought "'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages, but how much 'in excess' is not explained."). Allstate more than met this burden in its removal papers.

### B. Compensatory Damages Alone "More Likely Than Not" Exceed $75,000

Allstate's showing would likely meet the "legal certainty" standard – it certainly surpasses the preponderance of the evidence standard.

Here, plaintiff's complaint seeks at least $25,000 in damages for Allstate's alleged breach of contract, including Allstate's "fail[ure] and refus[al] to pay Plaintiff the full value of the loss, thus forcing this litigation . . . " (Complaint, ¶ 23.) As set forth in Allstate's removal papers, plaintiff currently seeks $178,496 in alleged policy benefits from Allstate. (*See* Allstate's Notice of Removal, filed May 23, 2008, ¶ 8.) Specifically, four months prior to filing this action, plaintiff demanded from Allstate seven additional months of additional living expenses, at $18,450 a month. (*See* Declaration of Richard Reney in Support of Allstate's Opposition to Plaintiff's Motion to Remand ("Reney Decl."), ¶¶ 3, 5.)[3] Moreover, plaintiff seeks $49,346 in engineering and permit fees. (*Id*. at ¶ 6.) This proof conclusively establishes that plaintiff seeks more than $75,000.[4]

---

[3] Plaintiff never states in her opposition that she does not seek this amount. Instead, she attempts to discredit Richard Reney's previous declaration by purporting not to know who Jessica Bivens (her public adjuster) is or whether Ms. Bivens was authorized to act on plaintiff's behalf. These assertions demonstrate a troubling lack of candor. As Mr. Reney's concurrently filed declaration explains, plaintiff hired Ms. Bivens and her company to act on her behalf with Allstate in handing her fire claim. (*See* Reney Decl. ¶ 2.) Further, as plaintiff is fully aware "the Gilton Gentlemen" are plaintiff's relatives, who received benefits under her Allstate policy. (*Id*., ¶ 3.)

[4] Contrary to plaintiff's assertion, just because a default is no longer an issue does not mean her request for "the sum of $1,000,000.00" (Complaint, prayer for relief, ¶ 4) is "null and void" for purposes of establishing the amount in controversy.

Clearly, plaintiff does not like that Allstate submitted claim file documents to support its position regarding the amount in controversy. That, however, does not mean the "other papers" rule under 28 U.S.C. § 1446(b) applies here. It does not. That rule, in fact, only applies to cases that are not removable based on the *initial* pleading. 28 U.S.C. § 1446(b). This case was removable (and was in fact removed) based on the initial pleadings. Contrary to plaintiff's assertions, a reviewing court may look beyond allegations in the complaint and consider facts presented in the removal petition in determining the amount in controversy. *Valdez*, 372 F.3d at 1117. In fact, courts routinely look beyond the complaint when faced with an amount-in-controversy inquiry. *See e.g. Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (*citing Wilson v. Belin*, 20 F.3d 644, 651 (5th Cir. 1994); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (relying on the Court's calculation of lost wages to determine alleged compensatory damages); *Alexander v. FedEx Ground Package Sys.*, 2005 U.S. Dist. LEXIS 5129 (N.D. Cal. Mar. 24, 2005) (defendants satisfied their burden by providing detailed explanations of how they arrived at figures, including accompanying declarations and exhibits). Moreover, a district court in deciding its own jurisdiction, may "make an independent appraisal of the amount of the claim . . . ." *See e.g. Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 988 (S.D. Cal. 1999).

In addition to seeking $178,496 in allegedly withheld policy benefits and nearly $50,000 in fees, plaintiff also seeks damages for emotional distress. While plaintiff failed to specify the emotional distress for which she seeks compensation, such an omission does not preclude this Court's recognition that those damages could be substantial. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."). If, as plaintiff alleges, Allstate improperly "handled her claim in a manner designed to cause Plaintiff unnecessary time and expense and to harass, oppress and intimidate Plaintiff," engaged in "unfair and abusive tactics," and

caused her "humiliation and repeated anguish," her emotional distress damages, if awarded, will be substantial. (Complaint, ¶¶ 20, 34; prayer for relief ¶ 1.)

Accordingly, Allstate has established beyond a preponderance of the evidence that plaintiff seeks compensatory damages well in excess of $75,000. If plaintiff disagreed with this inescapable assessment, and in light of her counsel's statement that he valued the case at "less than the $75,000 required for federal court diversity jurisdiction," Allstate offered to not oppose her motion by stipulating that she would not seek more than $75,000. (Declaration of Megan Dunham, ¶ 1.) Plaintiff's counsel did not agree to so stipulate. (*Id*., 3.) While a refusal to stipulate to the amount in controversy does not conclusively establish that the amount exceeds $75,000, it is evidence that the Court may consider. *See Duin v. Allstate Insurance Co*., 1997 WL 813002, *2 (S.D. Cal. Dec. 16, 1997) (refusal to stipulate, combined with evidence of bad faith verdicts exceeding $75,000 and evidence that attorneys' fees would be substantial, established that the amount in controversy "more likely than not" exceeded $75,000).

### C. The *Other* Damage Plaintiff Seeks Also Will Exceed $75,000

Even if plaintiff's compensatory damages did not breach the $75,000 threshold, the attorneys fees and punitive damages she seeks definitely should.

Plaintiff does not dispute that attorneys' fees are included in determining the total amount in controversy. Fees incurred by an insured to obtain policy benefits, which would not have been incurred but for the defendant insurer's tortious conduct or bad faith, are recoverable under California law. *Brandt v. Superior Court*, 37 Cal. 3d 813, 819 (1985). In determining the likely amount of a *Brandt* claim, the court may consider an estimate of attorneys' fees. *See Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") Clairvoyance is not required to deduce that plaintiff's counsel will easily spend at least 100

hours through trial to establish plaintiffs' right to policy benefits.[5]  At a range of $250 to $300 per hour, the fees (without costs) would total $25,000 to $30,000.

Plaintiff's punitive damages claim also must be considered in determining the amount in controversy.  *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) (a Court must consider punitive damages when determining whether the amount in controversy meets the jurisdictional requirement, unless it appears "to a legal certainty from the complaint that [the Plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [jurisdictional amount]." (*citing Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 241 (1943)).  In her complaint, plaintiff specifically alleges Allstate acted with "a conscious disregard of Plaintiff's rights" that constitutes "oppression, fraud or malice. . ." "thereby entitling Plaintiff to punitive damages. . ." and nothing on the face of the complaint indicates to a legal certainty that plaintiff could not recover punitive damages based on the allegations there.

Thus, if plaintiff proves her allegations at trial, a jury would likely award her a substantial amount of punitive damages.  Even under the United States Supreme Court's decision in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 508 U.S. 408 (2003), the possible punitive damages award in this case will almost certainly exceed $75,000.  In *Campbell*, the Court found suspect punitive damages multipliers larger than single digits.  *Id*, at 424.  However, in cases, such as this, involving smaller compensatory damages awards, the Court held the proportionate size of the punitive damages award may be larger.  *Id*.  A California Court of Appeal decision held that in the usual case, due process allows for a punitive damage award of up to four times the compensatory damages.  *Diamond Woodworks, Inc. v. Argonaut Ins. Co.,* 109 Cal. App. 4th 1020 (2003).  If plaintiff were awarded only $25,000 in emotional distress damages, a punitive damage award of twice the compensatory

---

[5] This exceedingly conservative deduction accounts for only four percipient witnesses depositions, one expert per side, one summary judgment motion, and a four-day trial.  The time will necessarily increase because there will likely be more than four witnesses in the case, the parties will attend case management conferences, will propound paper discovery, will have to review documents, may need to file motions, and may find themselves in discovery disputes.

damages would exceed the jurisdictional minimum of this Court. If Plaintiff proves Allstate's conduct was asreprehensible as she alleges, it is likely to be larger.

To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1033 (citations omitted); *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 240-41 (1943) (permitting plaintiff to establish federal jurisdiction through punitive damage awards in similar cases). Numerous published bad faith cases involving first-party claims of similar magnitude under personal lines (auto and homeowners) policies consistently reflect punitive damage awards of at least $75,000, and generally well above $100,000. *See e.g. Cassim v. Allstate Ins. Co.,* 33 Cal. 4th 780 (2004) (jury awarded $5 million in punitive damages and $3.5 million in compensatory damages on a homeowners policy claim.); *Textron Financial Corp. v. National Union Fire Ins. Co.*, 118 Cal. App. 4th 1061 (2004) (jury awarded $ 165,414.40 in compensatory damages and $10 million in punitive damages under auto policy; punitive damages reduced on appeal.)

Because Allstate demonstrated beyond a preponderance of the evidence that the amount in controversy exceeds $75,000, the burden shifted to plaintiff to prove that it does not. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)) (once a defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, "it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount.")

**3.   ALLSTATE DID NOT WAIVE ITS RIGHT TO REMOVAL**

Finally, Allstate did not waive its right to remove this action by virtue of requesting attorneys' fees in the prayer to its state court answer. Specifically, plaintiff asserts that Allstate "waived diversity jurisdiction" when it sought "costs and attorneys' fees" in its pre-removal answer "indicating a willingness to litigate in that tribunal. . ." (Mot., 2:6-14.) The only case plaintiff cites to support this position is from the Eastern District of Michigan and is inapposite in any event. In *Groesbeck Investments v. Smith*, the only discussion of waiver comes in a footnote where the court simply stated that "[a]rguably, the Government's filing of

1  its motion to dismiss in state court constituted an affirmative use of the state court process
2  which constitutes a waiver of its right to remove." 224 F. Supp. 2d 1144, 1150 (2002 E.D.
3  Mich.). Assuming the *Groesbeck* court's statement amounted to even dicta (and it does not)
4  and was controlling precedent in the Ninth Circuit (and it is not), the facts here would
5  necessarily foil plaintiff's argument in any event: Allstate did not file a motion to dismiss (or
6  anything remotely similar) in state court. Rather, Allstate only answered in state court and
7  included in the prayer to that answer a request for attorney's fees. Plaintiff cannot bootstrap
8  that request into a waiver of federal court jurisdiction. As the Ninth Circuit explained in
9  *Resolution Trust Corp. v. Bayside Developers*:

> A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that a case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum. A waiver of the right of removal must be clear and unequivocal. In general, *the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits*.

14  43 F.3d. 1230, 1240 (9th Cir. 1994) (emphasis added; citations omitted).
15      Allstate took no action in state court that could in any way be colored as "proceeding to
16  an adjudication on the merits." *See e.g. Foley v. Allied Interstate, Inc*., 312 F. Supp. 2d 1279,
17  1284 (C.D. Cal. 2004) (finding defendant's act of filing an answer in state court, filing form
18  interrogatories and requesting an extension of time to respond to discovery did not "constitute
19  litigation on the merits because they did not result in adjudication on the merits and were not
20  addressed directly to the court." (citations omitted)). Indeed, merely filing a responsive
21  pleading does not invoke jurisdiction so as to constitute a waiver of the right to remove. *See*
22  *e*.g. *Resolution Trust Corp.*, 43 F.3d at 1240 (where "a party takes necessary defensive action
23  to avoid a judgment being entered automatically against him, such action does not manifest an
24  intent to litigate in state court, and accordingly, does not waive the right to remove." (citations
25  omitted)); *California Republican Party v. Mercier*, 652 F. Supp. 928, 931 (C.D. Cal. 1986)
26  (filing a responsive pleading does not constitute acceptance of state court jurisdiction so as to
27  waive right of removal).
28

SONNENSCHEIN NATH & ROSENTHAL
2121 N. CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596
(925) 949-2600

**4. CONCLUSION**

In sum, if plaintiff proves all her allegations (and for purposes of this motion, the Court must assume she will (*Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001)), she will collect well in excess of $75,000. As such, Allstate's removal was proper.

Respectfully Submitted,

Dated: July 3, 2008    SONNENSCHEIN NATH & ROSENTHAL LLP

By    */s/ JEFFRY BUTLER*
JEFFRY BUTLER
Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27301971

-10-
ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND