```
CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN L. DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N California Blvd., Suite 800
Walnut Creek, CA  94596
Telephone: (925) 949-2600
Facsimile:  (925) 949-2610
Email:      cmellema@sonnenschein.com
            jbutler@sonnenschein.com
            mdunham@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIS J. GILTON, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, and DOES 1 through 50, inclusive, <br><br> Defendants. | No. C 08 02612 SC <br><br> DECLARATION OF RICHARD RENEY IN SUPPORT OF ALLSTATE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND |

I, RICHARD RENEY, declare:

1.  I am a Staff Claim Service Adjuster for Allstate Insurance Company. I have been employed by Allstate since 1987. I am personally familiar with Allstate's record keeping procedures regarding its claim files. Allstate keeps its claim files in the regular course of its business and records acts or events at or about the time that they occur. I am familiar with Allstate's claims file and its contents concerning the fire loss claim Doris Gilton made to Allstate on or about April 18, 2007. In addition, I am the Allstate claim representative responsible for handling the structural portion of Ms. Gilton's claim and I also am personally involved in handling the additional living expenses portion of Ms. Gilton's claim. Therefore have personal knowledge

-1-
DECL. OF RICHARD RENEY IN SUPPORT OF ALLSTATE'S OPPOSITION TO REMAND

of the facts set forth below and, if called as a witness, could and would competently testify to those facts.

2. On or about April 23, 2007, I received a letter from Jessica Bivens of The Greenspan Co./Adjusters International. This letter stated that Doris Gilton retained The Greenspan Co. to represent her with respect to adjusting her claim with Allstate as a result of the fire at her residence. In addition, the letter enclosed a notice of representation signed by Ms. Gilton expressly authorizing The Greenspan Co. to deal with Allstate on her behalf. A true and correct copy of Ms. Bivens' April 23, 2007 letter is attached as Exhibit 1.

3. According to Allstate's records, at the time of the fire, eight residents lived in the four units located on Ms. Gilton's property. Allstate has paid additional living expenses under Ms. Gilton's policy to these residents, which include Ms. Gilton's family members. According to Allstate's records Allstate paid approximately $18,450 per month for additional living expenses under Ms. Gilton's claim.

4. According to Allstate's records, on or about February 1, 2008, Allstate received a letter from Jessica Bivens, plaintiff's public adjuster, addressed to Allstate's Linda Nunziati. Ms. Nunziati is the additional living expense adjuster assigned to Ms. Gilton's claim. Ms. Biven's February 1, 2008 letter demanded seven months of additional living expenses. A true and correct copy of Ms. Bivens' February 1, 2008 letter is attached as Exhibit 2.

5. On or about March 24, 2008, I spoke with Ms. Bivens regarding Ms. Gilton's demand for seven months of additional living expenses. Ms. Bivens confirmed that Ms. Gilton sought another seven months of ALE as stated in her letter to Ms. Nunziati.

6. On or about April 17, 2008, I received a letter from Ms. Bivens, demanding that Allstate pay $42,000 in architectural fees. Ms. Bivens also demanded that Allstate pay $7,346 in permit fees. A true and correct copy of Ms. Bivens' April 17, 2008 letter is attached hereto as Exhibit 3.

-2-
DECL. OF RICHARD RENEY IN SUPPORT OF ALLSTATE'S OPPOSITION TO REMAND

1   I declare under penalty of perjury under the laws of the State of California and the
2   United States of America that the foregoing is true and correct. Executed on July 2, 2008, at
3   Lodi, California.

4
5                                                                    _____
                                                                          RICHARD RENEY
6
7
...
28

-3-
DECL. OF RICHARD RENEY IN SUPPORT OF ALLSTATE'S OPPOSITION TO REMAND

**EXHIBIT 1**

APR. 23. 2007  8:31AM   THE GREENSPAN CO 650 583 4049                    NO. 169   P. 1



THE GREENSPAN
CO./ADJUSTERS
INTERNATIONAL

[ **PROFESSIONAL LOSS CONSULTANTS** ]

Serving policyholders for over 50 years.

April 23, 2007

<u>**VIA FACSIMILE**</u>: 209-365-0685
Mr. Richard Reney
Allstate Insurance Co.
P.O. Box 1350
Woodbridge, CA 95258

RE:  Insured:       Doris J. Gilton
     DOL:           04/17/07
     Location:      552-554-556-558 Central Avenue – San Francisco, CA 94117
     Insurer:       Allstate Insurance Company
     Policy No.:    067 198 242
     Claim No.:     0101901023
     Our File No.:  SFO-20593-0407

Dear Mr. Reney:

Please note I am the principal adjuster on the above captioned claim and all matters pertaining to this loss and/or coverage issues must be directed to the undersigned. We look forward to working with you to resolve this claim in an amicable and expeditious manner.

The Greenspan Company/Adjusters International is representing the above-named insured with respect to the adjustment of this claim. Our firm was retained by the insured on or about **April 18, 2007** as the designated representative relating to this claim. Enclosed for your reference is a copy of the Notice of Claim and Notice of Representation. While the insured intends to comply with all duties in the event of a covered loss, please do <u>not</u> communicate directly with the insured. *Please direct all your communications regarding this loss to the undersigned.* The insured agrees to be carbon-copied on all written communications from the insurer. Please also instruct the carrier's consultants to follow this communication protocol.

Please note The Greenspan Company/Adjusters International should be named as an additional loss payee on all drafts pursuant to the enclosed Notice of Claim and Notice of Representation. The insured reserves all rights to make a claim on a replacement cost basis as set forth under the terms of the policy and, as such, invokes the right to repair, re-build or replace the damaged property.

Since the policy is one of the important factors that sets parameters of the rights and obligations, it is important that each of the respective parties have the benefit of the

400 Oyster Point Boulevard, Suite 519 ▼ S. San Francisco, CA 94080-1921 ▼ 800.248.3888 ▼ 650.583.4300 ▼ Fax 650.583.4049 ▼ Calif. Lic. No. 2E11301

San Francisco ▼ San Jose ▼ Dublin ▼ Sacramento ▼ Los Angeles ▼ Irvine ▼ San Diego ▼ Las Vegas ▼ Phoenix
greenspan.com



relevant contractual framework relating to the claim. Accordingly, we request that our office be provided with a *certified copy* of the pertinent policy (as issued) at your earliest convenience. On a related note, please also provide our office with all the applicable Policy/Claim Number with respect to this claim. Your cooperation in this regard is greatly appreciated.

The insured will cooperate with the carrier's reasonable requests during the course of the claim evaluation. We request that our firm be provided with copies of any reports concerning the measurement of the loss, such as estimates, asbestos testing, preliminary remediation, and business interruption, etc., at the earliest possible opportunity. Because the time frame is tolled during the period of loss adjustment, the insured reserves this right. We suggest that the insurer assist the insured in expediting this claim. We appreciate your involvement and suggest that we work jointly to identify the scope of the claim in order to properly indemnify the insured.

We understand the policy at issue may involve provisions that require the submission of a proof of loss. The insured intends to comply with this condition. The insured will rely on the insurer to provide adequate notice to fulfill this requirement, if appropriate. In the interest of moving the claim forward, and because the quantification of the loss can be a time consuming process, the insured may submit partial proofs with the reservation to submit a final proof of loss, if requested by the carrier.

Again, we look forward to working with you and your office to amicably and expeditiously resolve the issues implicated in this loss. Of course the insured reserves all its rights under the policy and at law.

Please feel free to call me if you have any questions regarding the foregoing. Thank you for your courtesy and cooperation.

Very truly yours,

THE GREENSPAN CO./ADJUSTERS INTERNATIONAL

Jessica Bivens
(800) 248-3888
(408) 205-6433 (Cell)

JB:ls
enclosure (s)
cc:    Doris J. Gilton

APR. 23. 2007  8:33AM    THE GREENSPAN CO 650 583 4049                    NO. 169    P. 3



THE GREENSPAN CO./ADJUSTERS INTERNATIONAL

## NOTICE OF CLAIM
## AND
## NOTICE OF REPRESENTATION

To: Allstate Insurance Co.
P.O. Box 1350
Woodbridge, CA 95258
Attention: Adjuster - Richard Reney

Type of Loss: Fire
Insured: Doris J Gilton
Loss Location: 552-558 Central Ave
San Francisco Ca. 94117
Date of Loss: 4/17/07

Please be advised that THE GREENSPAN CO./ADJUSTERS INTERNATIONAL has been retained to advise and assist (me, us) in the measurement and documentation of (my, our) loss and claim. You are hereby authorized and directed to name THE GREENSPAN CO./ADJUSTERS INTERNATIONAL as an additional payee on all drafts or checks issued by you.

Dated this  18  day of  April , 20 07

Insured: [signature]

**EXHIBIT 2**




# THE GREENSPAN CO./ ADJUSTERS INTERNATIONAL

PROFESSIONAL LOSS CONSULTANTS

400 Oyster Point Boulevard, Suite 519
South San Francisco, CA 94080-1921
(800) 248-3888
(650) 583-4300
Fax (650) 583-4049
www.greenspan.com
License No. 2811301

February 1, 2008

**VIA FACSIMILE:** 916-780-3760
Linda Nunziati
Allstate Insurance Co.
P.O. 1109
Roseville, CA 95678

RE:    Insured:    Doris J. Gilton
       DOL:    04/17/07
       Location:    552-554-556-558 Central Avenue – San Francisco, CA 94117
       Insurer:    Allstate Insurance Company
       Policy No.:    067 198 242
       Claim No.:    0101901023
       Our File No.:    SFO-20593-0407

Dear Ms. Nunziati:

I explained to the Gilton gentlemen that the $4400.00 per month rent as charged by Kelly Lewis was excessive for the home they were renting and that you could only justify $3650.00. Ms. Lewis was not agreeable to reducing her rental amount so the Gilton's have moved out. Enclosed is a copy of their new lease at a different location. As a result, the rent amount due as of February 1, 2008 is $4400.00.

As a side note, we understand the additional living expense coverage 12 month time limit is expired as of April 17, 2008. The fire occurred on April 17, 2007, however the initial settlement payment on the building was not received until November 16, 2007. The initial settlement took seven months before any funds were released. As such, Ms. Gilton has yet to receive any funds from the lienholder. She has been informed there were delays due to the holidays and has been assured the funds will be released by February 9, 2008. The repairs have not begun as there were no funds to do so. Ms. Gilton has contracted with a general contractor and plans are in process of being drawn in order to obtain permits. This process can take at least two months to receive permits to begin repairs. According to Allstate's contractor, Mel from Fixation, repairs are estimated to take at least nine months for repairs.

Another point to bring to your attention is that the initial building settlement was agreed to have been a starting point. Mel from Fixation is working on pricing and further justifications which will increase the settlement amount. It was understood by all that the initial payment was not sufficient to repair the fire damage to the building.

FEB. 1. 2008 12:56PM    THE GREENSPAN CO 650 583 4049    NO. 426   P. 2



# THE GREENSPAN CO./ ADJUSTERS INTERNATIONAL

PROFESSIONAL LOSS CONSULTANTS

400 Oyster Point Boulevard, Suite 519
South San Francisco, CA 94080-1921
(809) 248-3888
(650) 583-4300
Fax (650) 583-4049
www.greenspan.com
License No. 2E11301

Therefore, we respectfully request an extension of time for the additional living expense coverage through November 17, 2008. This allows your insured the estimated nine months of repair time with an additional three months to obtain permits from the date the actual cash value payment was made.

We await your response.

Very truly yours,

THE GREENSPAN CO./ADJUSTERS INTERNATIONAL

*Jessica Bivens*

Jessica Bivens
Executive General Adjuster
(800) 248-3888
(408) 205-6433 (Cell)

JB:ls
enclosure
cc:    Doris J. Gilton

RECEIVED TIME  FEB. 1.  1:04PM

**EXHIBIT 3**

APR. 17. 2008  4:31PM       GREENSPAN CO 650 583 4049           NO. 592    P. 1

THE GREENSPAN CO./ ADJUSTERS INTERNATIONAL



PROFESSIONAL LOSS CONSULTANTS

400 Oyster Point Boulevard, Suite 519
South San Francisco, CA 94080-1921
(000) 000-0000
(000) 000-0000
Fax (000) 000-0000
www.greenspan.com
License No. 2531301

April 17, 2008

<u>VIA FACSIMILE</u>: 209-365-0685
Mr. Richard Reney
Allstate Insurance Co.
P.O. Box 1350
Woodbridge, CA 95258

RE:  Insured:     Doris J. Gilton
     DOL:         04/17/07
     Location:    552-554-556-558 Central Avenue – San Francisco, CA 94117
     Insurer:     Allstate Insurance Company
     Policy No.:  067 198 242
     Claim No.:   0101901023
     Our File No.: SFO-20593-0407

Dear Mr. Reney:

Enclosed please find the invoices from Doris Gilton for architectural services according to her contract with Kotas/Pantaleoni Architects.

The contract is a "not to exceed" contract for $42,000.00. I have enclosed each month's invoice as well as an invoice summary to show what has been incurred against the $42,000.00 limit. We request Allstate pay the full $42,000.00 with the understanding this is the contract amount and will be incurred.

In the invoice summary, it is indicated that two charges of $3852.00 and $3494.00 have been incurred for permits. These charges are above and beyond the architectural services.

I have also enclosed copies of checks noting what payments have already been made for architectural services by Ms. Gilton.

Lastly, what is the status of the additional loss of rents claim made in my correspondence of February 1, 2008? Linda Nunziati had agreed to a rental value of $3650.00 for the home the Gilton brothers were renting in which they were being charged $4400.00. Once the brothers were informed their full rent would not be covered, they moved to a 3 bedroom home in San Francisco for $4400.00. There is a difference due of $750.00 for February, March and the first 17 days of April. Therefore, the balance due for the ALE is $1925.00.

APR. 17. 2008  4:31PM    THE GREENSPAN CO 650 583 4049              NO. 592    P. 2



THE GREENSPAN CO./ ADJUSTERS INTERNATIONAL

PROFESSIONAL LOSS CONSULTANTS
400 Oyster Point Boulevard, Suite 519
South San Francisco, CA 94080-1921
(800) 248-3888
(650) 583-4300
Fax (650) 583-4049
www.greenspanco.com
License No. 2611301

Please issue payment in the amount of $51,271.00 for the architectural services, permit invoices and monies due for the additional living expenses.

Very truly yours,

THE GREENSPAN CO./ADJUSTERS INTERNATIONAL

Jessica Bivens

Jessica Bivens

JB:ls
enclosures
cc:    Doris J. Gilton