Marcus Daniel Merchasin, SBN 55927
Attorney and Counselor at Law
582 Market Street, Suite 1400
San Francisco, California 94104

Telephone Number: 1-415-678-2700

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS J. GILTON, | CASE NUMBER: C 08 02612 SC |
|    *Plaintiff,* | **REPLY TO OPPOSITION TO MOTION TO RE-MAND CASE BACK TO THE CALIFORNIA SU-PERIOR COURT** |
| v. | *F. R. C. P. 7b, 28 U. S. C. § § 1332 & 1441(B),* |
| ALLSTATE INSURANCE COMPANY, ETC., ET AL. | *NORTHERN DISTRICT OF CALIFORNIA RULE 7-1* |
|    *Defendant.* | DATE:  JULY 25, 2008<br>TIME:  10:00 A.M.<br>CTRM:  1, 17TH FLOOR<br>JUDGE: HON. SAMUEL CONTI |

## *Introduction*

Defendant Allstate's opposition to the *Motion to Remand* is more noted for sarcastic quips than a candid evaluation of both the evidence and grounds for removal offered by it in the first place. Simply put, this case belongs in State Court.

The evidentiary objections were not addressed in the original removal papers nor was the attempted repair adequate in the opposition to *Motion to Remand*. This adversely impacts both Defendant Allstate's original removal and its opposition to this *Motion to Remand*. While Defendant Allstate concedes that it must meet its burden of proof, to all reasonable minds that would require the use of admissible evidence in the first place and that would likewise imply the actual use of such material in the underlying removal papers not to mention a legal standard against which Defendant Allstate's arguments would be judged.

1    In spite of everything said and done and the quotations from all courts cited in the furtherance

2    of *"stare decisis,"* the opposing papers have yet to apply a standard to themselves with which

3    Plaintiff can properly address the issues or the Court can adequately come to grips with.

4    Ironically, when called to meet and confer prior to the filing of the *Motion to Remand*, Defen-

5    dant Allstate's counsel's entire rationale for the removal was that there *"was diversity"* and was

6    thereafter unable or unwilling to discuss the facts or call back if the timing was not to her liking.

## I

### Allstate's Evidence

9    Defendant Allstate relies primarily on statements by Mr. Reney. His first declaration, filed with

10   the removal, was inadequate and has already been dealt with. His second declaration should have

11   accompanied the original.

12   In neither of Mr. Reney's two declarations did he bother to provide any authentication for the

13   attached exhibits.[1]  Instead, he merely states that he is somehow familiar with Defendant Allstate's

14   record keeping procedures without indicating what they are or how he is familiar with them and that

15   Defendant Allstate keeps business records in the regular course of business. Of course they do, but

16   that does not make them admissible.

17   Mr. Reney does not discuss Defendant Allstate's business record practice, whether he is famil-

18   iar with Ms. Bivens' signature or not, does not deal with Ms. Bivens' authority and does not authen-

19   ticate her purported letters.[2]  He significantly ignores these issues and those as to Plaintiff as well.

---

[1]  See *F.R.E. 901.2 – 901.4.* The defect is fundamental and must be addressed even before any analysis of chain of custody, privilege and equity is engaged in and this precedes any discussion of the merits of what he said.

[2]  *"A declaration is a substitute for oral testimony and therefore must meet all statutory require-ments for admissibility at trial. Ochoa v. P. G. & E. (1998) 61 Cal. App. 4th 1480, 1487, Weil & Brown,* Calif. Prac. Guide, *Civ. Proc. Before Trial* (2008) §§ 9:58 & 9:58.1: *"Declarations often re-cite, 'I am competent to testify to the matters contained in this declaration, which are true of my own knowledge.' But this is purely a legal conclusion and proves nothing.* Schwarzer, Tashima & Wag-staffe, Calif. Prac. Guide, *Fed. Civ. Proc. Before Trial* (2008) § 14:163 states: *"...Many affidavits contain statements to the effect, "I have personal knowledge of each and every fact stated herein and am competent to testify thereto [...]." However such statements alone are not sufficient to establish personal knowledge and competency. That must be shown by the facts stated: i.e., they must be mat-ters known to the declarant personally, as distinguished from matters of opinion or hearsay. [Bank Melli v. Pahlavi (9th Cir. 1995) 58 F. 3rd 1406, 1412.*

1  Defendant Allstate takes the position that their file is self-authenticating and that by reason of re-

2  ceipt of a letter without more any and all claims contained within must be correct.

3      To make matters worse, while attaching letters to prove various points, Mr. Reney misses the

4  central and only issue germane to this discussion, which is how much money is currently in dispute

5  after all is said and done. Mr. Reney states that *"Allstate paid approximately $18,950.00 per month*

6  *[…]."* None of the issues between the parties were laid out and the only thing that the Court can go

7  on, with all due respect to Defendant Allstate's colorful objections, is the *Complaint*. Mr. Reney

8  adds nothing to the discussion when it comes time to deal with personal knowledge, authority, rati-

9  fication of admissible evidence by either himself or Ms. Bivens and the like. Mr. Reney does not

10  claim to be an expert witness and does not layout what the real dispute is about. He never claims to

11  have spoken with either Ms. Bivens or Plaintiff and cannot testify that he was familiar with their

12  handwriting. His declaration was presented as an afterthought without regard for the *Federal Rules*

13  *of Evidence* or the Court's need for admissible evidence upon which to make its decision. In oppos-

14  ing this motion, Defendant Allstate used a form response and then cited boilerplate arguments from

15  other cases without regard to the facts of this case or the actual evidence it adduced.

16      To drive the point home further, Defendant Allstate has required the signing of a *White Waiver*

17  to even discuss settlement and valuations of this case, which are all relevant to this *Motion*. The

18  point of this is to prevent the Court from obtaining evidence contrary to its current position. The

19  purpose and language of the *White Waiver* excludes the use of settlement talks and case evaluations

20  in Court or anywhere else and especially seeks to eliminate the calculations from consideration in

21  either its original removal or in Plaintiff's *Motion to Remand*.

22      Along these lines, Defendant Allstate then sent a stipulation offering to litigate in State Court.

23  This makes its position clear and unequivocal about how much concern it really has for *"fairness"*

24  and *"the possibility of prejudice"* in the state court system what may be the single largest state in

25  the nation doing business with Defendant Allstate. It has been argued that Defendant Allstate's

26  *"book"* of business in California is larger than the federal judiciary's budget. California courts, in

27  spite of Defendant Allstate's opposition, are really just fine with it and there is no need to impose

28  on the federal judiciary other than to seek some perceived tactical advantage other than a level play-

1  ing field. This gamesmanship was not contemplated by the founding fathers. Defendant Allstate

2  has no real concern for the possibility of prejudice to it in California courts and this should impact

3  how this Court views its arguments seeking a forced removal contrary to policy issues and without

4  adequate or any admissible evidence. Instead, Defendant Allstate falsely asserts an argument based

5  on assumptions, unauthenticated and selective use of documents to support conclusions intention-

6  ally manufactured to satisfy real concerns our founding fathers expressed in justifying the need for

7  a federal judiciary that the controversy somehow exceeds $75,000.00 on the one hand while refus-

8  ing to put in writing the fact that it doesn't think that there is any real controversy on the other hand.

9  This conduct estops them from asserting inconsistent claims. When the Court asks Defendant All-

10  state to explain its view on what the controversy is, it offers no true calculation and then goes off on

11  a tangent of speculation about what Plaintiff must think the case is worth.

12      *Ibid* at 2:234 *"Diversity jurisdiction exists to provide a 'neutral' form in cases where one or*

13  *more of the parties is a citizen of another state or country; and to protect against local prejudice in*

14  *state courts. [J.A. Olson Co. v. Winona (5th Cir. 1987) 818 F. 2nd 401, 404; Asher v. Pacific Power*

15  *& Light Co. (ND CA 1965) 249 F. Supp. 671, 674]" Id at 2:236 "Protection against local prejudice*

16  *is the essential purpose of removal jurisdiction based on diversity of citizenship. [28 U.S.C. §*

17  *1441(b)]"*

18                                              *II*

19                                          *Analysis*

20      Defendant Allstate, in seeking a removal of a case to the *Federal District Court*, bears a very

21  heavy burden of establishing both of the grounds needed for the federal jurisdiction as well as meet-

22  ing the burden of showing full compliance with the procedural requirements for removal.[3] *Parker v.*

23  *Brown* (SD OH 1983) 570 F. Supp. 640, 642, *Gaus v. Miles, Inc.* (9th Cir 1992) 980 F. 2nd 564, 566.

24  This has already been gone over and is well familiar to the Court. Schwarzer, Tashima & Wagstaffe,

25  Calif. Prac. Guide, *Fed. Civ. Proc. Before Trial* (2008) § 2:609 state: *"...indeed, some courts find a*

26  *'strong presumption' against removal jurisdiction..."* A *Motion to Remand*, after all, is a favored

27

28

1  motion. *Student A. v. Metcho* (N.C. C.A. 1989) 710 F. Supp. 267, 269, *Kenneth Rothschild Trust v.*
2  *Morgan Stanley Dean Witter* (C.D. C.A. 2002) 199 F. Supp. 2nd 993).

3      The Court, based on its own analysis, must determine whether Defendant Allstate engaged in a
4  waiver of rights. Had it removed without seeking to answer and counter-claim affirmative defenses,
5  Defendant Allstate would be in a better position to argue its point. Instead, it proceeded to take ad-
6  vantage of a state law answer and affirmative defenses seeking affirmative relief with the benefits of
7  federal law procedures in having sought removal. Yet, in doing so, Defendant Allstate still has to
8  prove the amount in controversy. It has yet to argue for any specific calculations that the case is
9  worth or even tendered any specific amounts other than claiming that Plaintiff asked for damages
10 and has not addressed the point that the federal and state jury systems are not slot machines paying
11 off whenever a plaintiff chooses to seek redress of grievance. Defendant Allstate failed to present
12 the Court with a factual analysis of the issues yet contends that the case is worth at least $75,000.00.

13     To avoid further dispute, Plaintiff offers to accept 1 cent less than the jurisdictional minimum as
14 full and final settlement per *Code Civ. Proc. § 998* and *F.R.C.P. 68* to prove the point. This should
15 also address the issues in Defendant Allstate's disingenuousness offer to *"stipulate."* This case can
16 easily be resolved for less than the jurisdictional amount without need for resort by Defendant All-
17 state to stipulations crafted for showmanship rather than real concerns of constitutional issues.

18     In dealing with damages, Defendant Allstate wholly failed to demonstrate with any degree of
19 specificity why it thinks that the dollar value of this case exceeds $75,000.00 and if it really does
20 hold such an opinion, then the offer before it and this Court now to settle for less under either *Code*
21 *Civ. Proc. § 998* or *F.R.C.P. 68* by Plaintiff should prove how sincere Defendant Allstate's belief or
22 worry really is.

23                             *III*
24          *Trustworthiness of Defendant Allstate's Evidence*
25     Schwartz & Ahart, Calif. Prac. Guide, *Enf. Judgments & Debts*, (2008) § 4:154 point out that *"to*
26 *meet the 'trustworthiness' requirement, the person who made the record, or the person who gave ...*

27 ---
28 [3] Schwarzer, Tashima & Wagstaffe, supra, § 2:1093-96, *Gaus v. Miles* (9th Cir. 1992) 980 F. 2nd

1  *the information ... must have personal knowledge of the facts contained in the record and its method*

2  *of preparation.*" In spite of Defendant Allstate's reliance on Mr. Reney, none of these requirements

3  have even remotely been met. See *Palmer v. Hoffman*, infra.

4      Justice Oliver Wendell Holmes dispatched Defendant Allstate's reasoning in a landmark deci-

5  sion which is even older than your author.  Business records prepared in contemplation of litigation

6  are not sufficiently trustworthy to come within this exception to the hearsay rule. Cotchett, *Calif.*

7  *Ctrm. Evid.*, 5th  (2008) § 1271 page 21-68.9. An insurance company does nothing if not prepare for

8  litigation.  In *Palmer v. Hoffman (1943)* 318 U.S. 109, the United States Supreme Court held: "*The*

9  *fact that a company makes a business out of recording its employees' versions of their accidents does*

10  *not put those statements in the class records made ' in the regular course' of the business within the*

11  *meaning of the act.  If it did, then any law office in the land could follow the same course, since*

12  *business as defined in the act includes the professions.  We would then have a real perversion of a*

13  *rule designed to facilitate admission of records which experience has shown to be quite trustworthy.*

14  *Any business by installing a regular system for recording and preserving its version of accidents for*

15  *which it was potentially liable could qualify those reports under the act.  The result would be that*

16  *the act would cover any system of recording events or occurrences provided it was 'regular' and*

17  *though it had little or nothing to do with the management or operation of the business as such.*

18  *Preparation of cases for trial by virtue of being a 'business' or incidental thereto would obtain the*

19  *benefits of this liberalized version of the early shop book rule.  It is clear then, that the words 'regu-*

20  *lar course of business,' as used in the decisions, have always included the concept that the circum-*

21  *stances must be such as to safeguard against any crude bias on the part of persons making the re-*

22  *cords or supply the information and against any great likelihood that the records may have been*

23  *fabricated by interested persons for the primary purpose of use in litigation which is in prospect at*

24  *the time.  For the 'regularity' which justifies the exception is the kind which tends to 'counteract the*

25  *possible temptation to misstatements,' as Wigmore has noted. [FN7] It follows that the phrase 'regu-*

26  *lar course of business' never covered a regular practice of making records with the purpose of sup-*

27

28  564; *Lewis v. Time, Inc.* (ED CA 1979) 83 F. R. D. 455, aff'd (9th 1993) 710 F. 2nd 549.

1   *plying evidence in a **highly probable law suit**, when those records are made by persons with every*

2   *'**possible temptation to misstatements**.' We have found no case holding or even suggesting that, ab-*

3   *sent a statute changing the common law rule, such a statement as the engineer's is admissible,*

4   *loaded as it is with motives to misrepresent the facts....*" also see *Reisman v. L.A.C.S.D.* (1954) 1234

5   Cal. App. 2nd 493, *Gee v. Timineri* (1967) 248 Cal. App. 2nd 139, *Miles Laboratories, Inc. v. Sup. Ct.*

6   (1982) 133 Cal. App. 3rd 587. This reasoning has been adopted in California as well. If Defendant

7   Allstate can get past the evidentiary problems confronting it both with the removal and later with an

8   attempt to supersede the facts with selective revised, yet still inadmissible, evidence set of declara-

9   tions in its opposition to this motion, it has to surmount the policy concerns that cause both federal

10  and state courts to inherently distrust such evidence. Defendant Allstate's slick use of clever ma-

11  neuvers to remove this garden variety dispute manufactured by it in the first place does not raise this

12  case to one of federal concern.

13      *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F. 3rd 696, 699 provides verbatim: "*The*

14  *removing defendant bears the burden of establishing, by a preponderance of the evidence, that the*

15  *amount in controversy exceeds the jurisdictional amount. Under this burden, the defendant must*

16  *provide evidence establishing that it is more likely than not that the amount in controversy exceeds*

17  *that amount.*" The *Guglielmino* court then spent adequate time distinguishing the reasons. The ex-

18  act nature and wording of the pleadings and other "*evidence*" were never left out but in researching

19  the facts of that case, the issues do not raise the same set of facts here and there the remaining party

20  did not object to the lack of admissible evidence as the moving party has done so here. In citing

21  *Lowdermilk v. U.S. Bank Nat. Association* (9th Cir. 2007) 479 F.3rd 994, 1000 Ibid, the *Guglielmino*

22  court stated: "*that when a state court complaint [...] alleges that the amount in controversy is less*

23  *than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that*

24  *[...] jurisdictional amount is met.'*"

25      The word *"prove"* says it all. In this regard recent jury instructions to all federal and California

26  courts routinely remind all of us that statements of counsel are to be disregarded. See *CACI* 106,

27

28

*Manual of Model Jury Instructions* for the 9th Circuit – Civil 1.3.[4]  The arguments made by Defendant Allstate's counsel are arguments at best and do not rise to the status of admissible evidence even if the desire to remove was based on proper consideration.

In *Sanchez v. Monumental Life Ins. Co. (9th Cir., 1996)* 102 F.3[rd] 398, cited by Defendant Allstate, the court held:  *"The defendant is to be held to a higher burden than showing a mere possibility that the federal jurisdiction amount is satisfied for a removal to federal court." The court goes on to state: "In removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether plaintiff is seeking more than the federal jurisdiction amount, **the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount**."*

The *Sanchez* court then goes on with the often cited and familiar language that the *"[...] defendant must provide evidence"* and that the *"[...] defendant bears the burden of establishing by a preponderance of the evidence"* of the amount in controversy.  A preponderance of evidence does not involve the youthful analysis of an eager attorney seeking to please a large corporate client that insists on a finding of no liability while seeking to make a *"federal case"* out of a heretofore minor controversy not worthy of the majesty or jurisdiction of the federal court.

The rationale as cited by the courts and *Schwarzer, Tashima, & Wagstaffe*, in determining the value of a case for purposes of assessing whether diversity jurisdiction is proper, is that Plaintiff is the *"master of his complaint."*  Had Plaintiff alleged diversity, Plaintiff could have originally brought the case here, saved jury fees and court reporting costs and proceeded merrily along.  Jurisdiction was not proper and Defendant Allstate has no admissible evidence properly authenticated to prove otherwise.  There is a reason after all why the Congress raised the diversity limits from the original $250.00 to the current $75,000.00 and is looking as we speak at raising it again.

Defendant Allstate did, however, send a letter after this motion was filed offering the use of State Court.  This concession was mentioned by Defendant Allstate's counsel in its opposition.  The offer

---

[4] *BAJI 1.02 "Statements of counsel are not evidence [...]." Schwartz, Tashima & Wagstaffe*, supra, § 14:165 *"Declarations by attorneys are sufficient only if the facts stated are matters which the attorney has knowledge."*

1  was replied to. Plaintiff was to have to stipulate her rights away. The stipulation did not correspond

2  with California or federal law and sought to avoid a freak adverse financial finding against Defen-

3  dant Allstate should one occur which claims of diversity do not protect against nor were they meant

4  to.

5       Yet when all is said and done, Defendant Allstate must, but did not, produce evidence as op-

6  posed to unsubstantiated opinion to *"prove its point."* This type of non-admissible *proof* doesn't

7  work. The paper in the case doesn't support Defendant Allstate and misquoting the complaint for

8  something that it did not provide doesn't work either. Once the Court has the opportunity to observe

9  the default provision complained about by Defendant Allstate, its non-applicability becomes in-

10 stantly recognizable and its disclaimers fall into place. This alone should force the Court to dispense

11 with Defendant Allstate's arguments. If they cannot be trusted to get it right when it is in black and

12 white and evident to a layperson, their characterizations of both the factual and legal arguments in

13 their briefs must likewise be viewed with similar askance if not with dismay.

14      In removal cases it has often been stated that federal jurisdiction *"must be rejected if there is any*

15 *doubt as to the right of removal in the first instance."* |See *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.

16 3rd 1480, 1485] The repetition of this concept throughout the cases dealing with the remand issue

17 makes a rather clear point.[5] When lack of subject matter is clear, remand may be or ordered <u>sua</u>

18 <u>sponte</u> without permitting counsel to brief or argue the case. *Air Shields, Inc. v. Fullam* (3rd Cir.

19 1989) 891 F. 2nd 63, 65, *Schwarzer, Tashima, & Wagstaffe,* supra, § 2:1092, *28 U. S. C. § 1332*

20 *(c)(1).* Defendant Allstate cannot on the one hand trivialize the dispute and even fire its prior coun-

21 sel for offering less than the diversity limits only to make this motion claiming damages that far ex-

22 ceed the limits and then sign a *White Waiver* to avoid allowing evidence to be thrown back in their

24      [5] *Schwartz, Tashima & Wagstaffe*, supra, provide at § 2:606: *"The removal statutes are construed
25  restrictively, so as to limit removal jurisdiction.* **Doubts as to removeability are resolved in favor of
    remanding the case to the state court** *{Shamrock Oil & Gas Corp. v. Sheets (1941) 313 U. S. 100,
26  108-109; Gaus v. Miles (9th Cir. 1992) 90 F. 2nd 564, 566}."* At § 2:607 they go on to state: *"The rea-
    son for strict construction is to prevent a waste of judicial resources: i.e. if it turns out there is no
27  'federal question' or 'diversity', the federal court's judgment would have to be set aside on appeal.
    Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction
28  (Wenger v. Western Reserve Life Assur. Co. of Ohio (MD TN 1983) 570 F. Supp. 8, 10-11; Somlyo v.
    J. Lu-Rob Enterprises, Inc. (2nd Cir. 1991) 932 F. 2nd 1043, 1045-1046..."*

face on inconsistent stances. More than a sham declaration based on a lawyer's testimony is needed here to get to the predicate of Defendant Allstate's removal and address the need for the *Motion to Remand*. Defendant Allstate's legal arguments are colorful but their factual claims are devoid of merit and lack admissibility.

**IV**

***Evidence Considered***

In ruling on a remand motion, the court ordinarily will determine removability from the complaint as it existed at the time of removal, together with the removal notice. If the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. [*Miller v. Grgurich* (9th Cir. 1985) 763 F. 2nd 372, 373; *National Audubon Society v. Dept. of Water & Power of Los Angeles* (ED CA 1980) 496 F. Supp. 499, 503]. None of the record in this case really serves as appropriate justification to remove this case. Defendant Allstate seeks outside *"evidence"* without reference to the *Federal Rules of Evidence* to get around this fairly basis hornbook law.

**V**

***Sua Sponte Remand Proper Even Without Motion to Remand***

If the notice of removal is devoid of facts necessary to support removal, some courts will remand the action despite presentation of facts in opposition to the remand motion. [*Laughlin v. Kmart Corp.* (10th Cir. 1995) 50 F. 3rd 871, 873; see also *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F. 2nd 564, 567.

**WHEREFORE**, Plaintiff prays for an order remanding the above-entitled case back to the Superior Court of the State of California from whence it came.

Dated: 07 | 11 | 08

_____
Marcus Daniel Merchasin
Attorney at Law